UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES, | No. 2:24-cv-3244 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. CAVAGNOLO, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 and state tort law without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.   Factual Allegations of the Complaint

The complaint alleges that defendants Cavagnolo, Sivongxay, and Does 1-4 were negligent and violated plaintiff's Eighth Amendment by subjecting him to unconstitutional conditions of confinement and excessive force. ECF No. 1. Defendants are sued in their individual and official capacities. Id. at 12-14.

In Claim One, plaintiff alleges that on November 21, 2023, he was being treated at the hospital for a burn when defendant Sivongxay improperly applied restraints on plaintiff's right wrist. ECF No. 1 at 5, 14. Plaintiff asked Sivongxay to handcuff his left wrist instead because he previously sustained an injury to his right arm, but Sivongxay refused the request and left

2

plaintiff's right arm twisted in an unbearable and painful position for several hours. Id. After plaintiff complained, Sivongxay's partner[2] spoke to Sivongxay outside the room and when they returned the handcuffs were switched to plaintiff's left wrist. Id. at 5, 15. Plaintiff was evaluated by a doctor,[3] who determined that he required surgery on his right rotator cuff which sustained permanent damage even after surgery. Id.

In Claim Two, plaintiff alleges that he was jogging on April 23, 2023, when he stumbled over a portion of pavement that was unevenly raised and fell on the right side of his body, causing injuries to his head and right shoulder and facial lacerations that required four stitches. Id. at 6, 15. The pavement has allegedly been uneven for years despite multiple work order requests, and it remains unrepaired as of the date of his complaint. Id. Doe 4, identified as the plant operations masonry supervisor, has disregarded priority work orders on multiple occasions. Id. at 6, 14.

Finally, plaintiff alleges that Cavognolo, Doe 1, Doe 2, and Doe 3—the warden, chief deputy warden, associate warden of custody, and custody captain respectively—are all responsible for overseeing and training staff and their negligence in carrying out their duties led to his injuries. Id. at 12-13.

### III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid Eighth Amendment excessive force claim against defendant Sivongxay in his individual capacity.

### IV. Failure to State a Claim

The allegations in the complaint are not sufficient to state any claims for relief pursuant to

---

[2] At one point, plaintiff identifies Sivongxay's partner as "John Doe #1." ECF No. 1 at 5. However, this appears to be a separate designation from "Defendant John Doe #1," who plaintiff later identifies as the chief deputy warden at CSP-Solano. Id. at 12. Regardless, plaintiff fails to state a claim against Sivongxay's partner, as the allegations demonstrate that he intervened to have plaintiff's handcuffs adjusted.

[3] Plaintiff identifies the doctor as "John Doe #2," which appears to be a separate designation from "Defendant John Doe #2," who is identified as the associate warden of custody at CSP-Solano. ECF No. 1 at 5, 12. Even if plaintiff intended to name the doctor as a defendant, his only allegation against the doctor is that he diagnosed plaintiff's damaged rotator cuff, which is insufficient to support any claim for relief.

the Eighth Amendment against Cavagnolo or any of the Doe defendants. Plaintiff does not allege any personal involvement by Cavagnolo or Does 1-3, and they cannot be liable under § 1983 just because they were supervisors. Plaintiff also fails to state a claim for relief against Doe 4 because the fact that the pavement was uneven, without more, does not create a hazardous condition of confinement. Plaintiff fails to state a claim against any defendant in their official capacity because he is not seeking any injunctive relief. He also fails to state any claims for negligence because he has not alleged compliance with the Government Claims Act.

It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

V.     Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Sivongxay in his individual capacity on the Eighth Amendment claim for excessive force. By choosing this option, plaintiff will be agreeing to voluntarily dismiss all other claims and defendants. The court will proceed to immediately serve the complaint and order a response from defendant Sivongxay.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

If plaintiff chooses to amend the complaint, he is advised that Claims One and Two do not appear to be properly joined because they do not involve the same defendants or arise from the same course of events. If plaintiff amends the complaint and includes both Claims One and Two without alleging facts showing the claims are properly joined, Claim Two may be dismissed without prejudice or severed from this action. In the event Claim Two is severed and opened as a separate action, plaintiff will be responsible for paying a separate filing fee in the new case.

////

VI. <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated an Eighth Amendment claim against defendant Sivongxay in his individual capacity.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment claim against defendant Sivongxay in his individual capacity and voluntarily dismiss all other claims and defendants; or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. <u>See</u> Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

VII. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 6, 7) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff has stated a claim for relief against defendant Sivongxay in his individual capacity under the Eighth Amendment. The complaint does not state any other claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendant Sivongxay in his individual capacity as set forth in Section III above or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

////

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims and defendants except for the Eighth Amendment claim against defendant Sivongxay in his individual capacity.

DATED: December 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL UVALLES,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CAVAGNOLO, et al.,<br><br>        Defendants. | No.  2:24-cv-3244 AC P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Eighth Amendment claim for excessive force against defendant Sivongxay in his individual capacity without amending the complaint.  Plaintiff understands that by choosing this option, all other claims and defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants time to file an amended complaint.

DATED:_____

                                                    _____
                                                    Raul Uvalles
                                                    Plaintiff pro se

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II.    Legal Standards Governing Substantive Claims for Relief

   A.   Excessive Force

"[T]he Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, the court looks to "[1] the extent of

1

injury suffered by an inmate," as well as "[2] the need for application of force, [3] the relationship between that need and the amount of force used, [4] the threat 'reasonably perceived by the responsible officials,' and [5] 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321). While a *de minimis* use of force does not violate the Eighth Amendment, a plaintiff does not have to suffer a serious injury to state a claim for relief. Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

### B. Conditions of Confinement

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met." Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). To be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the prison official must subjectively have a "sufficiently culpable state of mind," "one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. If a prison official's response to a known risk is reasonable, they "cannot be found liable." Id. at 845. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835. Conditions such as uneven pavement, without more, do not constitute an excessive risk to safety. See Hardin v. Baldwin, 770 F. App'x 289, 290 (7th Cir. 2019) ("risk of tripping [on uneven sidewalk] is no worse than the risk present on slippery floors in prison showers" which courts have consistently found do not, without more, constitute a hazardous condition of confinement); Brown v. Flores,

No. 18-cv-1578 LHK, 2018 WL 9838120, at *2, 2018 U.S. Dist. LEXIS 229920, at *5 ("Case law is clear that a single defective condition—such as a slippery floor, a leaking roof, or a broken oven—by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment." (citing Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996))); Wallace v. Haythorne, 328 F. App'x 467 (9th Cir. 2009) (affirming summary judgment because prisoner "cannot show that the prison officials violated the Eighth Amendment by being deliberately indifferent to the risk presented by the missing or broken floor tiles and resulting holes in the kitchen floor").

### C. Official Capacity Claims

Claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). However, state officials sued in their official capacity for prospective injunctive relief are "persons" within the meaning of § 1983. Id. n.10.

### D. Doe Defendants

Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at *8-9 (E.D. Cal. July 2, 2012), Robinett v. Corr. Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010).

### E. Personal Involvement and Supervisory Liability

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

3

(citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

      F.   State Law Notice of Claim Requirement

To state a viable state law claim against a state employee or entity, a plaintiff must allege compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller"). This requirement applies in federal court. See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).

      G.   Joinder of Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to

or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.